## MID–CONTINENT PETROLEUM CORPORATION v. ALEXANDER.

District Court, W. D. Oklahoma. June 15, 1929.

No. 1039.

J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockewitz and H. M. Gray, all of Tulsa, Okl., for plaintiff.

Roy St. Lewis, United States District Attorney of Oklahoma City, Okl., for defendant.

VAUGHT, District Judge. In this action the plaintiff prays that a temporary injunction issue against the defendant, individually and as Collector of Internal Revenue for the United States for the District of Oklahoma, enjoining and restraining the issuing and levying of distraint warrants against the plaintiff and its property and enjoining and restraining defendant from selling or attempting to sell plaintiff's property or any part thereof.

The bill alleges that the defendant, Alexander, is Collector of Internal Revenue for the United States for the District of Oklahoma; that the plaintiff, the Mid-Continent Petroleum Corporation is the legal successor of Cosden & Co., a Delaware corporation, the name Cosden & Co. having been duly and regularly changed to that of Mid-Continent Petroleum Corporation; that Cosden Oil & Gas Company is a corporation of the state of Oklahoma duly incorporated prior to the first of January 1922, and now in existence and doing business; that said Cosden Oil & Gas Company is a subsidiary of the Mid-Continent Petroleum Corporation, formerly Cosden & Co.; that said Cosden & Co., during the year 1922 and at all times thereafter owned all, or practically all, of the stock of said Cosden Oil & Gas Company and still owns the same under the name of this plaintiff, Mid-Continent Petroleum Corporation; that the Burbank Oil Company was a Maryland corporation incorporated under the laws of Maryland; and that on or about the 16th day of December, 1922, one J. S. Cosden was the owner of all of the stock of said Burbank Oil Company; that after the 10th of January, 1924, the Burbank Oil Company filed its corporation income tax return for the fiscal year beginning October 1, 1922, and ending September 30, 1923, on United States Internal Rev-

enue form 1120–a; that in said return among other things the said Burbank Oil Company reported first "profit from sale of real estate, stocks, bonds and other capital assets" the sum of $252,816.03; that in said return the said Burbank Oil Company computed the tax for which it was liable for the aforesaid taxable period at the sum of $35,085.33 of which amount said Burbank Oil Company has paid the sum of $17,542.-67; and that the transaction in connection with the above referred to $252,816.03 is substantially as follows:

That on or about the 16th day of December, 1922, the Burbank Oil Company transferred all of its properties, consisting of certain leases, leasehold estates, equipment, and so forth to the Cosden Oil & Gas Company for 35,170 shares of the stock of Cosden & Co.; that at the time of the aforesaid transaction J. S. Cosden was the owner of the stock of the Burbank Oil Company, and, with the knowledge, consent, and at the direction of the said Burbank Oil Company, the aforesaid 36,170 shares of stock of Cosden & Co., were turned over and delivered to the said J. S. Cosden; that thereafter and prior to the 30th day of September, 1923, J. S. Cosden sold and disposed of the aforesaid 36,170 shares of stock; that immediately thereafter the Burbank Oil Company was legally dissolved; that the aforesaid J. S. Cosden in his individual federal tax return for the year 1923 reported a liability and paid a tax the exact amount thereof being unknown to plaintiff, upon the profit or profits realized by him from the sale of the aforesaid 36,170 shares of stock.

The plaintiff further states that the report and return of the Burbank Oil Company of the above-mentioned $252,816.03 in its above-mentioned and described return for the fiscal year beginning October 1, 1922 and ending September 30, 1923, as "profit from sale of real estate, stocks, bonds and other capital assets" was and is erroneous; that said Burbank Oil Company was not legally liable for any tax upon the aforesaid $252,816.03; that said Burbank Oil Company was not legally liable for any tax in connection with the above-mentioned and described transfer of its properties to the Cosden Oil & Gas Company; that the said Burbank Oil Company was not legally liable for any tax in connection with the above-mentioned and described 36,170 shares of stock of Cosden & Co., and that, in so far as the aforesaid tax return of the Burbank Oil Company for the fiscal year beginning October 1, 1922, and ending September 30, 1923 includes a tax upon the aforesaid $252,-816.03, the same is and was erroneous; that the amount of tax or taxes for which the Burbank Oil Company was legally liable for the fiscal year beginning October 1, 1922, and ending September 30, 1923, is and was the sum of $3,483.22, which amount the said Burbank Oil Company has paid, and in addition thereto has paid the sum of $14,-059.34 for taxes for said year, which it was not legally liable to pay and which was illegally, wrongfully, and erroneously assessed against it. All the foregoing allegations are upon information and belief.

The plaintiff further states that some time after the 15th of January, 1929, the United States Commissioner of Internal Revenue arbitrarily, wrongfully, and illegally determined that the plaintiff was liable in law or in equity as transferee of the Burbank Oil Company for the sum of $22,676.78, being the above-mentioned and described deficiency of $17,542.67 of income tax of the Burbank Oil Company for the year 1923, which is claimed by said Commissioner that said Burbank Oil Company owes, together with interest thereon to March 16, 1929, in the sum of $5,134.11, making a total of $22,-676.78, and that some time after the 15th day of January, 1929, the said United States Commissioner of Internal Revenue arbitrarily, wrongfully, and illegally assessed against or imposed upon or undertook to assess against or impose upon the said plaintiff the aforesaid liability in the sum of $22,-676.78; that prior to the aforesaid alleged determination and assessment of liability of or against said plaintiff said plaintiff received notice of the intention of the aforesaid Commissioner of Internal Revenue to make the same, and that said plaintiff failed to avail itself of the privilege of a hearing in connection therewith before the United States Board of Tax Appeals, and that the time for a hearing before said Board of Tax Appeals has long since expired; that the aforesaid determination and assessment of liability of and against the plaintiff has been entered in the office of the defendant as Collector of Internal Revenue for the United States for the District of Oklahoma, and the payment of the amount of the aforesaid alleged liability and assessment of $22,-676.78 has been demanded of the plaintiff by the United States Commissioner of Internal Revenue and by the defendant, A. C. Alexander, purporting to act as Collector of Internal Revenue for the United States for the District of Oklahoma; and that the said United States Commissioner of Internal

Revenue has issued and turned over to the defendant, A. C. Alexander, as such Collector as aforesaid, a distraining warrant or warrants for the collection from said plaintiff of the aforesaid liability and assessment of $22,676.78; and that said defendant, A. C. Alexander, as such Collector aforesaid, is threatening to, and, unless enjoined and restrained, will under and by virtue of the aforesaid distraint warrant or warrants, levy upon plaintiff's property and sell it in satisfaction of the aforesaid liability and assessment.

The bill further alleges that in determining the above-mentioned and described liability, and in assessing the same against the said plaintiff, the United States Commissioner of Internal Revenue purported to act and did, in fact, act solely and exclusively under and by virtue of section 280 of the United States Revenue Act of 1926 (26 USCA § 1069), which is and was the first and only law authorizing or attempting to authorize the United States Commissioner of Internal Revenue to determine, assess, and collect a liability at law or in equity of a transferee of property of a taxpayer in respect of United States taxes imposed upon such taxpayer, and that said section 280 of said Revenue Act of 1926 is in violation of the Fifth Amendment to the Constitution of the United States in that it deprives plaintiff of its property without due process of law, and, also, in that it takes plaintiff's property for public use without just compensation, and of the Seventh Amendment to the Constitution of the United States in that it undertakes to vest judicial power in the United States Commissioner of Internal Revenue, and of section 2 of article 1 and the Sixteenth Amendment to the Constitution of the United States in that it makes plaintiff liable for a tax upon income not received by it, and, also, that it imposes and levies a direct tax without apportionment and not upon income, and that long prior to the above-mentioned and described determination and assessment of liability of and against plaintiff said section 280 of said Revenue Act of 1926 had been judicially determined to be unconstitutional, null, and void and in conflict with the provisions and amendments of the Constitution of the United States, and that such judicial determination has never been vacated, set aside, or modified and the same is now in full force and effect; that said section 280 of the United States Revenue Act of 1926 was not and is not retroactive, and that the same does not authorize the determination, as-

sessment, or collection by the United States Commissioner of Internal Revenue of the liability at law or in equity, if any, of said plaintiff in respect of any United States taxes of the Burbank Oil Company for the fiscal year beginning October 1, 1922, and ending September 30, 1923, and that there was and is no law authorizing said United States Commissioner of Internal Revenue to determine, assess, or collect the liability, at law or in equity, if any, of said plaintiff in respect of any United States taxes of the Burbank Oil Company for the fiscal year beginning October 1, 1922, and ending September 30, 1923.

The bill further alleges that the attempted determination, assessment, and collection of and against and from the plaintiff of its liability in law or in equity, if any, in respect of any statute of the United States of the Burbank Oil Company for the fiscal year beginning October 1, 1922, and ending September 30, 1923, was or were and is or are barred by the statute of limitations of the United States of America.

This action directly challenges the constitutionality of section 280 of the Revenue Act of 1926 (44 Stat. 61) which, among other things, authorizes the Commissioner of Internal Revenue to assess and collect in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax, "(1) the liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act"; and also the constitutionality of the Act of May 29, 1928 (chapter 852, § 604, 45 Stat. [26 USCA § 2604]) which involves the right of a transferee of the property of a taxpayer to enjoin the collection by distraint of such assessed liability.

In the oral argument and in the brief counsel for plaintiff have urged:

(1) That section 280 of the Revenue Act of 1926, which is the sole authority for the actions of the United States Commissioner of Internal Revenue, and of the defendant, is unconstitutional.

(2) That the federal statute (Act of May 29, 1928 [45 Stat. 791]) prohibiting injunction to restrain the assessment or collection of the liability of a transferee is to be construed as if it had been included as a part of section 280 of the Revenue Act of 1926 authorizing the assessment against a transferee of "the liability, at law or in eq-

46

uity, of a transferee of property of a taxpayer." That where an amendatory statute is of such a character or construction that it cannot stand as an independent statute, and the amended statute is invalid, the amendatory statute also falls, and that, therefore, since section 280 of the Revenue Act of 1926 authorizing the assessment of transferee liability is unconstitutional, then the provision of the Act of May 29, 1928, prohibiting injunction against the collection of a transferee liability construed as a part of section 280 is likewise unconstitutional and falls with section 280.

It appears that it is only necessary to consider two propositions in this case: (1) The constitutionality of section 280 of the Revenue Act of 1926, and (2) construing the provision of the Act of May 29, 1928, prohibiting injunction against the collection of a transferee liability as a part of section 280; and likewise its constitutionality.

Under the first proposition this court is impressed with the reasoning and the conclusion in the case of Owensboro Ditcher & Grader Co. v. Lucas (D. C.) 18 F.(2d) 798, 801.

Does section 280 of the Revenue Act of 1926 impose upon the Commissioner judicial powers in permitting him to determine the liability at law or in equity of a transferee of property of a taxpayer? Is the transferee entitled to his day in court before being required to pay the taxes assessed against another? In other words, are we dealing with a tax liability in this case? The petitioner is not a taxpayer in so far as this suit is concerned. The liability which the Commissioner is attempting to fix is not a liability for a tax, but a liability "at law or in equity," a liability which a creditor could enforce in the proper court. The defendant, however, urges the proposition that, even conceding the unconstitutionality of section 280, this court is forbidden by section 3224 of the Revised Statutes (26 USCA § 154) to entertain a suit for injunction. Section 3224 of the Revised Statutes provides that no suit for the purpose of restraining the assessment or collection of any *tax* shall be maintained in any court.

Quoting from the opinion in Owensboro Ditcher & Grader Co. v. Lucas, supra:

"If the liability sought to be enforced against the plaintiff in this case, under section 280, is a tax within the meaning of section 3224, then of course this suit cannot be maintained, notwithstanding the unconstitutionality of the law imposing it. I cannot agree, however, with the contention of the

defendant that the liability sought to be enforced against the plaintiff in this case is a tax within the meaning of section 3224. I cannot escape the conclusion that the tax referred to in that section is the primary liability imposed by the lawmaking body upon the citizen subject to the tax, and not a liability arising out of the relationship of a third party to the original taxpayer or to his property. The liability of the taxpayer as such grows out of his relationship to the government. It is an enforced contribution imposed upon him or his property for the support of the government. It is not based upon any contract, nor is it the result of any voluntary obligation assumed by him. When the government undertakes to collect this liability, however, from a third party against whom it was not originally assessed, the liability arises from entirely different considerations. The liability of such a person is a contractual one, either express or implied. If he contracts with the taxpayer to pay the tax, the government's right to proceed against him is upon the theory that the contract was made for its benefit. If he receives property from the taxpayer without paying therefor, or under such conditions as in good conscience would require it to be devoted to paying the obligations of him from whom it was received, then the law implies a promise on his part to pay.

"The express contract or the implied contract may be to pay the entire obligation of the taxpayer, or it may be for such a part thereof as he agreed to pay, or in equity and good conscience he should be required to pay; but in no sense can it be said to be a tax, as that term is ordinarily understood. The amount for which he is liable is fixed and determined by none of the principles called into play in determining the primary liability of the taxpayer, but upon principles which have no relation to the tax law under which the primary liability arises. The obligation of such third party is a debt, founded upon contract, express or implied, rather than a tax, and to hold that this debt may be assessed and collected by a ministerial officer, through the application and determination by him of legal and equitable principles, and that before the taxpayer can be heard in court he must raise the money and pay the amount thus assessed, would be to place a most unreasonable construction upon section 3224, and to attribute to it a meaning which I cannot believe was in contemplation of Congress."

The defendant contends, however, that this court is specifically prohibited from

granting an injunction, and in support of his contention relies upon section 604 of the Revenue Act of 1928 which provides in part that "no suit shall be maintained in any court for the purpose of restraining the assessment, or collection of (1) the amount of the liability, at law or in equity, of a transferee of property of a taxpayer in respect of any income, war-profits, excess-profits or estate tax, * * *" and in support cites the case of Felland v. Wilkinson, 33 F. (2d) 961, decided November 22, 1928, by the United States District Court for the Western District of Wisconsin. The learned judge in that case comments upon the opinion of Judge Dawson in Owensboro Ditcher & Grader Company v. Lucas, supra. It is my opinion, however, that, if section 280 is unconstitutional, then it must follow that section 604 of the Revenue Act of 1928 made for the express purpose of supplementing and enforcing section 280 of the Revenue Act of 1926 must also fall. But giving to section 604 of the Revenue Act of 1928 its most favorable construction whether it be regarded as an amendment to section 280 or not, there can be no question but that it must be construed as a part of section 280, and hence it must fall with section 280.

See Board of Com'r v. Ætna Life Ins. Co. (C. C. A.) 90 F. 222; Kemp Lumber Co. v. Howard (C. C. A.) 237 F. 574; Hemmer v. U. S. (C. C. A.) 204 F. 898.

The foregoing opinions were all written by Judge Sanborn of the Eighth Circuit, and the last case was affirmed by the Supreme Court in 241 U. S. 379, 36 S. Ct. 659, 60 L. Ed. 1055.

I have not attempted in this opinion to review or discuss the numerous authorities cited in the briefs in this case, but recognize the importance of the proposition involved, and that it will doubtless have the attention of the appellate court, I am content to rely upon the reasoning and the conclusions in the cases herein cited.

Let a temporary injunction issue.