R. W. CROSMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. A. McPHERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

G. CARRAVAS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

R. CLEVELAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. H. LEIGHTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELIZABETH CLARRIDGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

P. LEVINTICH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

A. RUDOLPH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 26800, 26801, 26802, 26803, 26805, 26806, 26808, 26864.

Promulgated February 26, 1931.

*Herman Weinberger, Esq.*, and *Walter C. Fox, Esq.*, for the petitioners.

*J. E. Mather, Esq.*, for the respondent.

OPINION.

SEAWELL: The errors assigned by the petitioners with respect to the constitutionality of section 280 of the Revenue Act of 1926 are admitted by them to have been heretofore disposed of by the Board adversely to their position, though they do not admit the correctness of those decisions. *Henry Cappellini et al.*, 14 B. T. A. 1269; *Grand Rapids National Bank*, 15 B. T. A. 1166; *Annie G. Phillips et al., Executors*, 15 B. T. A. 1218; affd., *Phillips v. Commissioner*, 42 Fed. (2d) 177; and *Woodley Petroleum Co. et al.*, 16 B. T. A. 253.

The remaining issue is whether the statute of limitations has run in favor of the petitioners as transferees on account of the amounts now sought to be collected from them. The return of Leighton's, Inc., for 1919 was filed on March 15, 1920, and the statutory period for making assessment thereunder expired five years thereafter, or

on March 15, 1925. (Section 250 (d) of the Revenue Act of 1921; section 277 of the Revenue Acts of 1924 and 1926.) No assessment was made prior to March 15, 1925, but on March 6, 1925, the waiver set forth in our findings was filed, purporting to extend the time for assessment to December 31, 1925. The petitioners, however, contend that such waiver is without force and effect for the reason that the corporation had been dissolved long prior to that time and the individuals who signed such waiver could not bind a corporation which was out of existence. Section 400 of the Civil Code of California provides in part as follows:

Directors to be trustees of dissolved corporation. Unless other persons are appointed by the court, the directors or managers of the affairs of a corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved.

Powers and liabilities of trustees. And have full powers to settle the affairs of the corporation, collect and pay outstanding debts, sell the assets thereof in such manner as the court shall direct, and distribute the proceeds of such sales and all other assets to the stockholders. Such trustees shall have authority to sue for and recover the debts and property of the corporation, and shall be jointly and severally personally liable to its creditors and stockholders or members, to the extent of its property and effects that shall come into their hands.

The above provisions were in effect in 1920 when the corporation was dissolved and continued in effect until after the waiver here in question was filed. No limit appears to have been provided in the statute upon the time during which the directors would act as trustees under the foregoing authority, nor is it contended that any such limitation existed. No liquidators were appointed in the decree of dissolution and the parties who signed the waiver were directors of the corporation prior to its dissolution. Under such circumstances, we fail to see why the parties who signed such waiver were not the proper parties to take such action and why the period for assessment is not extended thereby. The petitioners' argument seems to be that since under the laws of California there is no provision for continuing the existence of a corporation after its dissolution, no action can thereafter be taken in the name or on behalf of the corporation. But the proceedings now before us are not in the name of or on behalf of the corporation. What we are seeking to determine is the statutory period of limitation for assessment of the petitioners' liability for the tax for which the corporation was liable when dissolved. Who may appear to attack such attempted collection and who may ultimately be required to pay such tax are entirely different questions. Certainly, it could hardly be said that because of the dissolution of the corporation the original statutory period of five years for assessment was thereby cut short or terminated, and

yet some of the argument in their brief almost goes that far. If, as the State statute quoted above provides, the directors become trustees with full authority to settle the affairs of the corporation, we are of the opinion that included in such authority would be authority to sign a waiver of the character here in question, and that the waiver so signed is valid to extend the time for assessment to December 31, 1925.

Prior to December 31, 1925, or on September 29, 1925, a deficiency notice was mailed on account of the dissolved corporation's tax liability here in question. Apparently, no petition was filed on account of such deficiency notice, though in any event, under the express terms of the waiver, since the deficiency notice was mailed prior to the expiration of such waiver, the period for assessment against the dissolved corporation (transferor in this proceeding) did not expire before March 1, 1926, or subsequent to the passage of the Revenue Act of 1926. We have heretofore held that where the period of limitations for assessment against the taxpayer or transferor expired after the enactment of the Revenue Act of 1926, the Commissioner had the additional year provided by section 280 (b) (1) of the Revenue Act of 1926 within which to proceed against the transferee. *Louis Costanzo*, 16 B. T. A. 1294; *J. A. Kemp*, 20 B. T. A. 875; and *American Locker Co.*, 21 B. T. A. 408. Within one year after the expiration of the period for assessment against the taxpayer, or on February 21, 1927, notices were mailed to the petitioners advising them of their liability as transferees under section 280 of the Revenue Act of 1926 for the deficiency previously asserted against Leighton's, Inc., the taxpayer or transferor in this proceeding.

In view of the foregoing, we are of the opinion that notices were timely mailed to the petitioners as transferees, and that the action of the Commissioner in seeking to collect the additional tax liability of Leighton's, Inc., for 1919 from them was correct to the extent that assets were received by them in liquidation of the said corporation. It appears, however, that in the case of one petitioner, J. H. Leighton, the amount sought to be collected is $7,986.53, whereas the amount received in liquidation was $900, and it follows that only the latter amount can be collected from this petitioner.

> *Judgment will be entered for the respondent in the amounts proposed for assessment against the petitioners, except in Docket No. 26805 (J. H. Leighton), where judgment will be in the amount of $900.*