## ALEXANDER v. MID–CONTINENT PETROLEUM CORPORATION.

### No. 143.

Circuit Court of Appeals, Tenth Circuit.
July 3, 1931.

Chas. T. Hendler, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellant.

J. C. Denton and R. H. Wills, both of Tulsa, Okl. (J. H. Crocker, I. L. Lockewitz, and H. M. Gray, all of Tulsa, Okl., on the brief), for appellee.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

The Mid-Continent Petroleum Corporation brought this suit against A. C. Alexander, individually and as collector of Internal Revenue, to enjoin the summary collection from it as transferee pursuant to section 280 (a) (1), Revenue Act of 1926, section 1069 (a) (1), title 26, USCA, section 311 (a) (1), Revenue Act 1928, section 2311 (a) (1), title 26, USCA, of certain income taxes assessed against the Burbank Oil Company.

The bill challenged the constitutionality of section 280 (a) (1), supra, and section 604, Revenue Act of 1928, section 2604, title 26, USCA.

From an order granting a temporary injunction against the collection of such taxes from the Mid-Continent Corporation, Alexander, individually and as collector, has appealed.

The Supreme Court, in Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289, sustained the constitutionality of section 280 (a) (1), supra, section 311 (a) (1), Revenue Act of 1928, section 2311 (a) (1), title 26, USCA, and section 604, supra. The court held that the procedure provided for in section 280 (a) (1) does not violate the requirements of due process because of the two eventual methods of judicial review provided: one by an appeal from the decision

of the Board of Tax Appeals, and the other by a suit by the transferee against the collector to recover the tax after payment and administrative denial of a claim for refund.

The court also sustained the validity of section 604, supra, prohibiting injunctive relief in the case of summary proceedings against a transferee.

It follows that the Mid-Continent Corporation is not entitled to any relief in this suit. Therefore, notwithstanding this is an appeal from an interlocutory order, this court has the power to dispose of the case on the merits. Consolidated Cement Corporation v. Pratt (C. C. A. 10) 47 F.(2d) 90, 93.

The order granting the temporary injunction is reversed with instructions to vacate such order and to dismiss the bill at the cost of the Mid-Continent Corporation.