R. T. BUZARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

E. T. DUSENBURY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 42793, 43017. Promulgated May 31, 1933.

*James P. Quigley, Esq.,* for the petitioners.
*J. R. Johnson, Esq.,* and *L. M. Berrien, Esq.,* for the respondent.

250

OPINION.

SEAWELL: The petitioners admit that if the case of *Navarro Lumber Co.*, 10 B.T.A. 690, involving the taxpayer's liability for the taxes, was properly before the Board, assessment of the taxes is not barred. The issue thus turns upon whether or not that proceeding was an appeal of petitioners' transferor within the meaning of section 277 (b) of the Revenue Act of 1924. The issue involves our assumption of jurisdiction in the taxpayer's case.

The substance of the argument of the petitioners is that the proceeding relied upon by the respondent to extend the five-year limitation period was not instituted by the taxpayer because from the

time of its dissolution in 1922 there was no one to represent or act for it. They rely on numerous cases to support their contention.

We have been called upon to decide a number of cases instituted to redetermine deficiencies asserted against dissolved corporations. In some our jurisdiction was challenged and in others we decided the question on our own motion. Our decisions generally turned upon the status of the corporation in dissolution, as defined by the laws of the state of incorporation, due to the well established rule that in the absence of statutory authority a corporation has no existence after ·its dissolution. *Oklahoma Natural Gas Co.* v. *Oklahoma*, 273 U. S. 257.

The Navarro Lumber Co. had its existence under the laws of California. Section 400 of the Civil Code of that State reads, in part, as follows:

Unless other persons are appointed by the court, the directors or managers of the affairs of a corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved, and have full powers to settle the affairs of the corporation, collect and| pay outstanding debts, sell the assets thereof in such manner as the court shall direct, and distribute the proceeds of such sales and all other assets to the stockholders. Such trustees shall have authority to sue for and recover the debts and property of the corporation, and shall be jointly and severally personally liable to its creditors and stockholders or members, to the extent of its property and effects that shall come into their hands.

Under these provisions of the state statute, in the absence of the appointment of others by the court, the directors of the transferor at the time of its dissolution became trustees of the corporation's creditors and stockholders with powers prescribed by the statute to liquidate the affairs of the corporation. Their powers were not limited as to time and included the right to settle claims for additional Federal taxes. *McPherson* v. *Commissioner*, 54 Fed. (2d) 751; affirming *R. W. Crosman,* 22 B.T.A. 390; *United States* v. *Laflin*, 24 Fed. (2d) 683; *Newhall* v. *Western Zinc Mining Co.*, 164 Cal. 380; 128 Pac. 1040; *Rossi* v. *Caire*, 174 Cal. 74; 161 Pac. 1161; *Havemeyer* v. *Superior Court of the City and County of San Francisco*, 84 Cal. 327; 24 Pac. 121.

The designation of the corporation in the deficiency notice as the taxpayer, instead of its liquidating trustees, has been held not to be important. *McPherson* v. *Commissioner, supra.* See *Commissioner* v. *New York Trust Co.*, 54 Fed. (2d) 463; certiorari denied, 285 U.S. 556.

The trustees received actual or constructive notice of the deficiency notice, and being bound by law to take notice of it (*McPherson* v. *Commissioner, supra*), sought a redetermination of the taxes alleged to be due from the dissolved corporation by instructing their attor-

ney to file an appeal with this Board. The petition filed with the Board was an affirmative action (*California Iron Yards Co.* v. *Commissioner*, 47 Fed. (2d) 514) and the proceeding was instituted by the only persons authorized by the state law to settle the affairs of the dissolved corporation. *Crosman* v. *Vivienda Water Co.*, 150 Cal. 575; 89 Pac. 335. The proceeding was "For the Navarro Lumber Co." by its duly authorized trustees in liquidation and in substance was an appeal by the taxpayer as the term is used in section 277 (b) of the 1924 Act.

A motion to dismiss the original petition for want of jurisdiction because it was not properly verified would have been denied. *Gibson Amusement Co.*, 22 B.T.A. 1212. Whatever defects there might have been in the original petition were cured by the amended petition filed two weeks later.

We think the case of *Navarro Lumber Co.*, *supra*, was an appeal by the transferor of the petitioners and served to extend the period of limitation for assessment against the taxpayer.

Our decision should be for the respondent for another reason. The petitioners, with the other trustee, invoked the jurisdiction of the Board in the case of the taxpayer and did not contest it at any time during the course of the proceeding. The petitioners are not now in a position to deny that we had jurisdiction. *Jere R. Downing*, 26 B.T.A. 1115; *Warner Collieries Co.* v. *United States*, 63 Fed. (2d) 34; *Burnet* v. *San Joaquin Fruit & Investment Co.*, 52 Fed. (2d) 123.

The liability of the petitioners as transferees for unpaid taxes of the Navarro Lumber Co. for 1919 and 1920 is not barred by the statute of limitations.

*Decision will be entered for the respondent.*