## EXCELSIOR LIFE INS. CO. v. THOMAS, Collector of Internal Revenue.

### No. 786.

District Court, N. D. Texas, Dallas Division.

Feb. 26, 1943.

Cofer & Cofer, of Austin, Tex., for complainant.

John A. Erhard, Asst. U. S. Atty., of Dallas, Tex., for defendant.

ATWELL, District Judge.

The Excelsior Mutual Benefit Association, an unincorporated accident and health insuring concern owned by H. Strickland, became financially involved and Strickland and four of his employees incorporated the Excelsior Life Insurance Company, complainant. The two concerns, if they may be called such, carried on business from the same quarters. The $25,000 capital stock subscribed in the corporation was paid by an interchange of notes between Strickland and the other incorporators, with one small exception. None of the capital stock was paid otherwise. All of the assets of the first company were taken over by the corporation, that concern extending its activity into the insuring of life. Strickland is president of the new concern, as he was of the old concern.

The assumption agreement included a transfer of all the assets to the corporation, and the promise of the corporation to pay the debts.

A controversy arose between the Internal Revenue Collector and the plaintiff concerning social security taxes alleged to be due by the old concern. The Collector had written to the plaintiff, in reply to a letter, stating alleged facts, that such taxes were not due by the old concern.

The defendant, upon investigation, threatened to issue a distress warrant against the plaintiff for the social security taxes which he claimed were due from the Mutual Benefit Association by reason of salary payments instead of commissions as claimed. This suit seeks to stay such action.

At the hearing testimony was introduced by both sides, tending to support their respective claims of employees on commission, and upon salary. Findings of Fact and Conclusions of Law have already been filed upon that testimony.

One statute in question is § 3653, Title 26 U.S.C.A. Int.Rev.Code, which provides, " * * * No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court. * * *"

The other statute, Title 28 U.S.C.A. § 400, the Declaratory Judgment Act, expressly excepts from the controversies which may be ruled under it, those that relate to federal taxes.

The case of Tomlinson v. Smith, 7 Cir., 128 F.2d 808, holds that there are exceptions to those statutes, to wit, when the suit is not by a taxpayer but is by a third person. It states that a trustee in possession of property which has been acquired under a prior valid lien, is such a third person.

The case of Long v. Rasmussen, D.C., 281 F. 236, makes the same distinction, as does Rothensies v. Ullman, 3 Cir., 110 F. 2d 590, 592.

There must be no restraint against a Collector from proceeding against the taxpayer, or, against the one from whom the tax is alleged to be due. A tax Collector may not distrain property upon which a third party has acquired a prior lien.

It follows, therefore, that the court which has authority to restrain must have the power to declare the rights of the parties in connection with the property.

The exceptions which permit this character of a suit are not found in the facts of this case. There is no prior superior lien in favor of the plaintiff. There is no interested outside party who shows such a prior equity as will take the case out of the controlling statutes mentioned.

The corporation is merely the alter ego of the first association. It took all of its assets and assumed all of its debts. All stockholders of the corporation are officers therein and were thoroughly familiar with, and, participated in the affairs of the older concern.

The application to stay the hand of the Collector must be denied. The case will stand for hearing on the merits if the parties see fit to go forward.