STURGEON, Acting Collector of Internal Revenue, et al. v. SCHUSTER.

No. 3386.

Circuit Court of Appeals, Tenth Circuit.

Jan. 8, 1947.

Rehearing Denied Feb. 8, 1947.

---

812

Frederic G. Rita, Sp. Asst. to Atty. Gen. (Douglas W. McGregor, Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., and Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellants.

Herbert K. Hyde, of Oklahoma City, Okl. (Lee Williams, of Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

During the years 1937 to 1941, both inclusive, John O. Schuster was engaged in business in Oklahoma City, Oklahoma, operating part of the time under one trade name and part under another. He regularly filed annual income tax returns for those years; in 1943, he filed amended returns; and he paid the income taxes reflected by the returns. Thereafter, a deficiency assessment was made. Without admitting that any additional taxes were due but claiming that all taxes had been paid in full, the taxpayer deposited with the Collector a sum much less in amount than the deficiency assessment to be used in the payment of any additional taxes that might be finally determined to be due. Claims for refunds were filed. About three months after the filing of the claims and without any formal action having been taken on such claims, the taxpayer filed this action against the Collector. It was alleged in the complaint that all taxes had been paid; that the deficiency was erroneous, arbitrary,

and illegal; that the taxpayer was unable to pay the amount of the deficiency; that the Collector unless restrained would levy upon the business of the taxpayer and dispose of it at forced sale for payment of the assessment; that the business had developed a valuable good will; that the attempted sale would destroy the business; and that the taxpayer would suffer irreparable injury for which he had no plain, speedy, and adequate remedy at law. The prayer was that the court issue a temporary restraining order, and a permanent injunction; and further that upon a hearing the court determine the excess in taxes paid and order the amount thereof refunded to him. Based upon the statements of fact made by the attorneys in open court, the court entered an order granting a temporary injunction restraining the Collector from attempting to collect the additional taxes embraced within the deficiency assessment and from interfering with the taxpayer in the operation and conduct of his business; and the court enjoined the taxpayer during the pendency of the action from selling or disposing of the business, or the assets and property of it, except in the usual and ordinary course of business. The appeal is from that part of the injunction restraining the collection of the taxes.

■ Section 3653 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3653, provides that, except as provided in sections 272(a), 871(a), and 1012(a), no suit to restrain the assessment or collection of any tax shall be maintained in any court. The statute is broad in sweep; and a complaint, as here, alleging that all taxes due have been paid, that the deficiency assessment is erroneous, arbitrary, and illegal, that the taxpayer is unable to pay the additional assessment, and that the threatened sale of the business will subject the taxpayer to irreparable injury for which he has no plain, speedy, and adequate remedy at law, without more, fails to state a cause of action which warrants the issuance of an injunction restraining the collector from enforcing payment of the tax. State Railroad Tax Cases, 92 U.S. 575, 23 L.Ed. 663; Snyder v. Marks, 109 U.S. 189, 3 S.Ct. 157, 27 L.Ed. 901; Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557; Graham v. DuPont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965; Burke v. Mingori, 10 Cir., 128 F.2d 996, certiorari denied Mingori v. Broderick, 317 U.S. 662, 63 S.Ct. 64, 87 L.Ed. 533.

■ The statute does not withhold from a court of equity jurisdiction in a case where the complainant shows that in addition to the illegality of the tax, special and extraordinary circumstances are present sufficient to bring the case within some acknowledged head of equity jurisprudence. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Allen v. Regents, 304 U.S. 439, 58 S.Ct. 980, 82 L. Ed. 1448; Burke v. Mingori, supra. But no such circumstances are presented here.

■ Two separate remedies are available to a taxpayer when a deficiency assessment is made against him which he challenges. One is to pay the tax, file a claim for refund, and on rejection of the claim sue at law for recovery. The other is to seek redetermination by the Tax Court, with the right of review in the Circuit Court of Appeals, and the further right to apply to the Supreme Court for certiorari. If the taxpayer does not desire to pay the tax and sue for its recovery, or is unable to pay it, he may seek redetermination. In that event no distraint may be prosecuted until the decision of the Tax Court becomes final; and in the event distraint is improvidently initiated during that time, it may be enjoined in the proper court, 26 U.S.C.A. Int.Rev.Code, § 272. But this taxpayer did not avail himself of either remedy. Instead, without the presence of any extraordinary circumstances taking the case beyond the reach of section 3653, supra, he sought injunctive relief on general principles of equity. Such an action cannot be maintained. State Railroad Tax Cases, supra; Snyder v. Marks, supra; Dodge v. Osborn, supra; Graham v. DuPont, supra; Burke v. Mingori, supra.

The order is reversed insofar as it grants a temporary injunction restraining the collector, the temporary injunction is vacated, and the cause is remanded.