**VOSS et ux. v. HINDS, Collector of Internal Revenue.**

Civ. No. 5582.

United States District Court
W. D. Oklahoma.

Feb. 21, 1953.

Rehearing Denied April 9, 1953.

· Mosteller, McElroy & Fellers, Oklahoma City, Okl., for plaintiffs.

Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., for defendant.

WALLACE, District Judge.

The plaintiffs, W. B. Voss and Mrs. S. L. Voss, bring this action to enjoin the collection of interest on income and excess profits tax deficiencies, determined by the defendant, H. I. Hinds, Collector of Internal Revenue.

The plaintiffs allege that on or about June 30, 1942, the Star Manufacturing Company (an Oklahoma corporation) transferred all its assets to the Star Manufacturing Company (a Delaware corporation) in a nontaxable reorganization; that on or about June 30, 1945, the said Delaware corporation liquidated and transferred all of its assets to its stockholders, among whom were the plaintiffs; that on September 18, 1947, the Commissioner of Internal Revenue determined an income and excess profits tax deficiency against the Oklahoma corporation totaling $191,009.48, for the taxable year ending December 31, 1941, and up to June 30, 1942; that in addition, on September 18, 1947, the Commissioner determined an income and excess profits tax deficiency against the Delaware corporation totaling $189,985.57, for the taxable years ending June 30 of 1943, 1944, and 1945; that on April 6, 1948, the Commissioner advised the plaintiffs that each was liable as a transferee of the assets of both these corporations to the extent of $71,-765.95; that the plaintiffs then timely filed their petitions with the United States Tax Court contesting the tax liability determinations of the Commissioner; that on April 4, 1952, it was stipulated between each of the plaintiffs and the Commissioner that each plaintiff had received a distribution of assets from the Delaware corporation having a net value of $12,927.-99, and that as a result the Judge of the Tax Court ruled each plaintiff liable for $12,927.99 in taxes, as transferees of the corporate assets; that subsequently, the defendant, Collector of Internal Revenue, made demands upon each plaintiff for $12,927.99, plus $5,308.98 interest on this amount; that the plaintiffs each paid the sum of $12,927.99 but refused to pay the $5,308.98 in interest, claiming that the demands for interest were contrary to law; that on September 8, 1952, the defendant served notices on each of the plaintiffs demanding the payment of the interest due to that date which amounted to $5,470.69, and advising that a warrant for distraint had been issued to aid in the collection of these amounts.

The plaintiffs request the court to find the acts of the defendant to be unlawful and to issue an injunction against the defendant.

The court's jurisdiction has been challenged by the defendant's motion to dismiss.

The plaintiffs take the position that the court has jurisdiction by virtue of sections 1331 and 1340, Title 28 U.S.C.A.

Section 1331 provides:

"The district courts shall have original jurisdiction of all civil actions

wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States. * * *."

Section 1340 provides:

*"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Customs Court. * * *"* (Emphasis supplied.)

However, to be construed with these sections is section 3653 of Title 26 U.S.C.A., which provides:

"(a) *Tax.* Except as provided in sections 272(a), 871(a) and 1012(a),[1] no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.

"(b) *Liability of transferee or fiduciary.* No suit shall be maintained in any court for the purpose of restraining the assessment or collection of. (1) the amount of the liability, at law or in equity, of a transferee of property of a taxpayer in respect of any income, war-profits, excess-profits, or estate tax * * *." Emphasis supplied.)

Obviously, section 3653 was enacted to prevent vexatious injunctive suits from interfering with the Government in collecting revenue for governmental purposes.[2]

Although, in the case before us, the collector is proceeding to collect *interest* due, doubtless such interest is within the purview of the phrase, "collection of any tax", inasmuch as in Reams v. Vrooman-Fehn Printing Company[3] the court held that penalties and interest assessed under the social security act were covered by this statute prohibiting suit to restrain collection of any "tax" just as much as the *primary* tax.

The decisions clearly reflect that section 3653 prohibits an action of this kind, brought to enjoin collection of the tax, unless there is some very unusual situation which due to its extraordinary nature justifies an intervention by the district court.[4]

In the case at bar the plaintiffs have requested this court to act, "because the defendant's demands are resulting and will result in irreparable damage to the plaintiffs' reputations and businesses and will cause serious inconvenience to each of the plaintiffs, for which the plaintiffs have no adequate remedy at law." Such reasons are not sufficient to bring this case within the exception to the general rule. In Sturgeon v. Schuster,[5] Judge Bratton said:

1. These sections give the taxpayer authority to seek an injunction if there is an attempt by the collector to collect the assessed taxes within the 90 day period given the taxpayer to appeal to the Tax Court. These are not applicable in the case at bar inasmuch as this 90 day period has elapsed.

2. Reams v. Vrooman-Fehn Printing Co., 6 Cir., 1944, 140 F.2d 237; Excelsior Life Ins. Co. v. Thomas, D.C.Tex.1943, 49 F. Supp. 90.

3. Ibid.

4. Jones v. Kemp, 10 Cir., 1944, 144 F.2d 478; Burke v. Mingori, 10 Cir., 128 F.2d 996. Also, cf. Miller v. Standard Nut Margarine Co., 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Dodge v. Brady, 1915, 240 U.S. 122, 36 S.Ct. 277, 60 L. Ed. 560; 108 A.L.R. 205.

5. 10 Cir., 1947, 158 F.2d 811, 813, certiorari denied 331 U.S. 817, 67 S.Ct. 1306, 91 L.Ed. 1835.

Other analogous cases are Concentrate Mfg. Corporation v. Higgins, 2 Cir., 1937, 90 F.2d 439, certiorari denied, 302 U.S. 714, 58 S.Ct. 33, 82 L.Ed. 551, where it was held that a corporate taxpayer was not entitled to injunction, under this section, to restrain distress on property for excise tax on toilet preparations, where only claim that legal remedy was inadequate was on ground that distress would make taxpayer insolvent, and taxpayer was wholly owned subsidiary used by French company to manufacture its products in the United States, and Reams v. Vrooman-Fehn Printing Co., fn. 2 supra, where it was held that hardship in raising money with which to pay taxes is not a special circumstance conferring equity jurisdiction on courts to prevent collection by injunctive process.

"Section 3653 of the Internal Revenue Code. * * * provides that * * * no suit to restrain the assessment or collection of any tax shall be maintained in any court. The statute is broad in sweep; and a complaint, as here, alleging that all taxes due have been paid, that the deficiency assessment is erroneous, arbitrary, and illegal, that the taxpayer is unable to pay the additional assessment; and that the threatened sale of the business will subject the taxpayer to irreparable injury for which he has no plain, speedy, and adequate remedy at law, without more, fails to state a cause of action which warrants the issuance of an injunction restraining the collector from enforcing payment of the tax. [Citing cases.]"

■ It should be observed that this statute was not intended to bar third persons from bringing suit in the district courts to restrain revenue officers from illegally collecting taxes out of property which does not belong to the taxpayer. In Jones v. Kemp,[6] Judge Murrah said:

" * * * And it has been held that the statute was not intended to oust the courts of jurisdiction to entertain a suit by a third party to restrain the collector from levying on property belonging to the third party to satisfy the tax liability of another. [Citing cases.]"

■ However, transferees, such as the plaintiffs here, are in the same position in regard to this statute as the original taxpayer and cannot assert they are third persons not within its scope.

In Owensboro Ditcher & Grader Co. v. Lucas,[7] the District Court of Kentucky held that "liability at law or in equity of a transferee of property of a taxpayer" is not a "tax" within the meaning of the statute prohibiting any suit for the purpose of restraining the assessment or collection of any tax, and that the transferee of property of taxpayer, against whom deficiency assessment of income and profits taxes had been made was entitled to equitable relief by injunction against enforcement of liability by Commissioner of Internal Revenue. This Kentucky case was cited with approval by the Oklahoma District Court in Mid-Continent Petroleum Corp. v. Alexander,[8] where the court assumed jurisdiction and issued an injunction. In reversing the district court, Judge Phillips held, that the transferee is not entitled to an injunction against summary collection of income taxes assessed against transferor, in view of the statutory remedies.[9] These statutory remedies were pointed out by the court in Sturgeon v. Schuster :[10]

"Two separate remedies are available to a taxpayer when a deficiency assessment is made against him which he challenges. One is to pay the tax, file a claim for refund, and on rejection of the claim sue at law for recovery. The other is to seek redetermination by the Tax Court, with the right of review in the Circuit Court of Appeals, and the further right to apply to the Supreme Court for cer-

---

6. Footnote 4, supra, 144 F.2d at page 480. Accord, Rothensies v. Ullmen, 3 Cir., 1940, 110 F.2d 590. Also, in Tomlinson v. Smith, 7 Cir., 1942, 128 F.2d 808, the court held that the statute excepting federal taxes from provisions of the Declaratory Judgment Act applies to a suit by a taxpayer, but not to a suit by a third party seeking to protect a lien claimed to be superior to that of the Collector of Internal Revenue.

7. D.C.1927, 18 F.2d 798.

8. 1929, 35 F.2d 43, 46.

9. Alexander v. Mid-Continent Petroleum Corp., 10 Cir., 1931, 51 F.2d 735.

In Phillips Executors v. Commissioner of Internal Revenue, 1931, 283 U.S. 589, 51 S.Ct. 608, 610, 75 L.Ed. 1289, the Supreme Court held that, stockholders who have received the assets of a dissolved corporation may be compelled to discharge therefrom the unpaid federal taxes on the income and excess profits of the corporation, and that this laibility of the transferee, "at law or in equity", may be enforced summarily in the same manner as that of any delinquent taxpayer, as well as by proceedings to enforce the tax lien or by actions at law or in equity.

10. Footnote 5 supra, 158 F.2d at page 813.

tiorari. If the taxpayer does not desire to pay the tax and sue for its recovery, or is unable to pay it, he may seek redetermination. In that event no distraint may be prosecuted until the decision of the Tax Court becomes final; and in the event distraint is improvidently initiated during that time, it may be enjoined in the proper court. * * *"

The plaintiffs in the case at bar, at the time they were notified of the deficiency assessments, could have pursued either of these two courses. However, they have improperly attempted to obtain relief from this court; and, this court is without jurisdiction.

Motion to dismiss is sustained.

### On Supplemental Opinion

The plaintiffs earnestly move for a rehearing of the defendant's motion to dismiss for the reason that they have no remedy at law; the plaintiffs insist that the facts in this case place it clearly within the exception to the general rule recognized by this court in its opinion in connection with sustaining the defendant's motion to dismiss. The question is whether we have a "very unusual situation which, due to its extraordinary nature, justifies an intervention by the district court" which gives jurisdiction to enjoin the proposed collection of interest assessed against the plaintiffs.

The court has thoroughly reviewed the case and relevant authorities and is of the opinion that the plaintiffs do have a remedy at law and will not be cut off from challenging the validity of the Commissioner's assessment.

Even though 26 U.S.C.A. § 322(c) has not been specifically construed a plain reading of the statute indicates that the plaintiffs do have recourse after they pay the interest in question. This section provides in part:

"* * * (c) Effect of petition to Tax Court.

"If the Commissioner has mailed to the taxpayer a notice of deficiency under section 272(a) and if the taxpayer files a petition with the Tax Court of the United States within the time prescribed in such subsection, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court except—

"(1) As to overpayments determined by a decision of the Tax Court which has become final; and

"(2) *As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has* become final; and * * *." (Emphasis supplied.)

The plaintiffs argue that § 322(c)(2) may give a right of action for the recovery of an overpayment due to mistake, but they seriously question whether it affords any relief where the plaintiffs, such as here, object to the amount of the assessment prior to payment. However, the court considers that such apprehension is unfounded and that this section constitutes a specific exception to the general rule presented by the plaintiffs that, "once a decision has been rendered with respect to a particular tax year, no court thereafter has jurisdiction to hear a subsequent case with respect to the same taxpayer and the same taxable year on the grounds that the first decision is res judicata as to all questions involving that taxable year".[1] This general principle could not be applicable inasmuch as the statute spells out that 322(c)(2) is only applicable regarding a "decision of the Tax Court which has become final".

The plaintiffs also emphasize that although in the ordinary tax case, interest is treated separately from the deficiency and is imposed directly by the statute and is collected by the Commissioner as a supplement to the deficiency after it is finally determined, such is not the case where the liability of a transferee is involved; they contend that the Commissioner must make

1. See United States v. C. C. Clark, Inc., 5 Cir., 1947, 159 F.2d 489; Western
Maryland Ry. Co. v. United States, D.C. Md.1938, 23 F.Supp. 554.

a special claim for interest as well as for the principal deficiency and thus make the interest claim subject to the same process as the determination of a deficiency, that is, a proceeding in the Board for a redetermination, or the Government is foreclosed from asserting a claim for interest. Although this raises a very serious question, this court does not believe the Louisiana & Arkansas Railway Company case,[2] cited by the plaintiffs, goes quite that far.

It must be noted that the court in the Louisiana & Arkansas Railway Company case had before it the question of whether the Commissioner had the power to assess interest along with the other deficiency. In sustaining the Tax Board's jurisdiction the court said:[3]

"In considering whether the Board has jurisdiction to consider interest, it is important that the proceeding is by a transferee in respect of its liability as such and not by a primary taxpayer in respect of a deficiency in its own tax; for the jurisdiction of the Board in these different matters is governed by different statutory provisions. As to the Board's function in respect of the original taxpayer and the deficiency, before assessment, it is clear that interest is treated separately from the deficiency, is imposed directly by the statute and is collected by the Commissioner as thus prescribed as a supplement to the deficiency after it is finally determined. * * *

"When, therefore, it becomes necessary to consider the scope of the system of jurisprudence as to transferee liability, set up for the first time in the Revenue Act of 1926, section 280 et seq., (now [26 U.S.C.A.] Sec. 311) Phillips v. Commissioner, 283 U.S. 589 [51 S.Ct. 608, 75 L.Ed. 1289], there is no justification for confining such system within an assumed general purpose to keep interest out of the Board's focus. Unhampered by such a restric-

tion, it is clear that as to a transferee the Commissioner *may* determine a liability not only for a deficiency but also for 'interest, additional amounts, and additions to the tax provided by law,' and *that such a determination is subject to the same process as the determination of a deficiency, that is, a proceeding in the Board for redetermination.*" (Emphasis supplied.)

▮ Thus, although this decision unequivocally holds that the Commissioner has the power to set the amount of interest at the time of the original deficiency, such power is permissive only in character and does not compel him to do so. Consequently, when such a determination is made, such as interest, or any other addition, such "determination is subject to the same process as the determination of a deficiency, that is, a proceeding in the Board for redetermination."

The court has not been unmindful of the possible hardship upon the plaintiffs in requiring them to pay and then subsequently sue to recover. However, the court does not believe the facts in this case vest the court with authority to enter into the merits of this case.

Also, the court cannot overlook the fact that the plaintiffs stipulated to the extent of the value of the assets received by the plaintiffs and included in such stipulation,

"That effective upon the entry of the Court's decision, petitioner (plaintiff) waives the restrictions, if any, contained in the applicable sections of the Internal Revenue Code, *on the assessment and collection of said liability, plus interest, as provided by law.*" (Emphasis supplied.)

This paragraph unmistakably indicates that the plaintiffs were not completely oblivious to the fact that certain interest was to be due on the assets transferred to them, and which assets they had retained and had the benefit of for a number of years.

2. Louisiana & Arkansas Railway Company v. Commissioner, 28 B.T.A. 153, affirmed Louisiana & Arkansas R. Co. v. Helvering, 1934, 63 App.D.C. 120, 70 F.

2d 286. See also Buzard v. Commissioner, 28 B.T.A. 247.

3. 28 B.T.A. 153, 155.

■ Clearly, a transferee is liable for the value of the assets transferred to him plus interest from the date of transfer.[4]

If the Commissioner, in assessing the interest complained of, has gone beyond the acceptable limits of the Tax Court's order, the plaintiffs after payment of the interest may file claims for refund; if their claims for refund are rejected they may then bring suit in the district court.

The motion for rehearing is hereby denied.

4. Robinette v. Commissioner, 6 Cir., 1943, 139 F.2d 285, certiorari denied 322 U.S. 745, 64 S.Ct. 1155, 88 L.Ed. 1577; Commissioner v. Breyer, 3 Cir., 1945, 151 F. 2d 267.