**VOSS v. HINDS.**

No. 4709.

United States Court of Appeals, Tenth Circuit.

Dec. 26, 1953.

Graham Loving, Jr., Oklahoma City, Okl. (L. Karlton Mosteller and James D. Fellers, Oklahoma City, Okl., on the brief), for appellants.

S. Dee Hanson, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, United States Circuit Judges.

HUXMAN, Circuit Judge.

The facts out of which this litigation arose are these: Appellants, W. B. Voss and Mrs. S. L. Voss, are the transferees of all the assets of the Star Manufacturing Company, a corporation. Subsequent to the transfer of these assets, the Commissioner of Internal Revenue filed an income and excess profits tax deficiency against the corporation for years preceding the transfer of the assets in an amount greatly in excess of the value of the assets transferred. Subsequent to the transfer of the assets, the Commissioner advised appellants that they were each liable for taxes as transferees to the extent of $71,765.95. Appellants filed timely petitions for review with the tax court. It was there stipulated that each of appellants had received property of the corporation of the value of $12,927.-99. Included in the stipulation was the further provision "That effective upon the entry of the Court's decision, petitioner waives the restrictions, if any, contained in the applicable sections of the Internal Revenue Code, on the assessment and collection of said liability, plus interest, as provided by law." Pursuant to the stipulation of the parties, the tax court found each appellant liable for $12,927.99 in taxes as transferee of the corporation's assets. Thereafter the Collector of Internal Revenue made demands on each of appellants for $12,927.-99 plus interest of $5,308.98. Each appellant paid the $12,927.99 but refused to pay the amount demanded as interest. The collector thereupon served notice on appellants demanding payment of the interest to the date of demand, now totalling $5,470.69, and advising that a warrant for distraint had been issued to aid in the collection of this amount.

Appellants then instituted this action in the United States District Court of Oklahoma to enjoin the collection of such sums. The grounds on which the action was predicated were that the demands for payment were void and that compliance therewith would result in irreparable damage to their reputations and businesses and would cause serious injuries to them and that they had no adequate remedy at law.

The trial court concluded that the right to maintain the action was barred by the provisions of Section 3653, 26 U.S.C.A. and that it was without jurisdiction to entertain the suit. The action was, therefore, dismissed. This appeal challenges the correctness of that ruling.

It is now well settled that actions to enjoin the collection of taxes are prohibited by Section 3653, unless there are present extraordinary or unusual situations warranting the intervention of a court of equity.[1] It has been held that neither the validity nor the constitutionality of the tax sought to be collected constitute such extraordinary circumstances as will support an injunction action to enjoin the collection thereof.[2]

Much space is devoted in the briefs with respect to the liability of a transferee for interest in addition to the tax itself to the extent of the value of the property transferred. Robinette v. Commissioner of Internal Revenue, 6 Cir., 139 F.2d 285, 288, is cited by appellee in support of the assessment of interest on the value of the property from the date of its receipt. Appellants seek to distinguish this case on the ground that there the value of the property transferred exceeded the amount of the assessment. There is, however, language in the opinion which would support the conclusion that in any event interest on the value of the property transferred was assessable from the date of its transfer. Thus the court in its opinion states, "If we proceed upon the theory that the transferee was liable for any unpaid taxes of the transferor with interest only to the extent of the amount receiv-

1. Burke v. Mingori, 10 Cir., 128 F.2d 996; Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Allen v. Regents of University System of Georgia, 304 U.S. 439, 58 S Ct. 980, 82 L.Ed. 1448.

2. Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237; Graham v. DuPont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965.

ed, the burden was upon the Commissioner to show that petitioner was liable as a transferee. * * * The Commissioner carried this burden * * *. He thus made out a prima facie case and the burden of going further then rested upon petitioner. The value of the excessive assets, which she admitted having, was peculiarly within her knowledge and she should have shown this value if she wished to win on the question of interest." Appellants make the further contention that it was the function of the tax court to make a determination that the amounts found due from appellants, as transferees, bear interest and that having failed to do so the collector was without power to make an assessment for interest. But all such matters are issues that would be present in an action properly before the court. They are neither novel, unusual nor extraordinary so as to entitle appellants to maintain an injunction action. Neither do the allegations that the collector's demands "will result in irreparable damage to the plaintiffs' reputations and businesses and will cause serious inconvenience to each of the plaintiffs," make a case for an injunction action, seeking to enjoin the collection of the taxes by the Government. It is our view that the case clearly falls within the provisions of Section 3653 and that the action was properly dismissed.

Affirmed