229 F.2d 176
 Mary and George BRASIER, Appellants,
v.
UNITED STATES of America; T. Coleman Andrews, Internal Revenue Commissioner; Earl R. Wiseman, District Director Internal Revenue, Oklahoma City, Oklahoma; and Charles M. Blackard, Internal Revenue Agent, Tulsa, Oklahoma, Appellees.
 No. 5186.
 United States Court of Appeals Tenth Circuit.
 December 28, 1955.
 Rehearing Denied January 16, 1956.
 
 George H. Brasier, pro se and for appellants.
 Stanley P. Wagman, Washington, D. C. (H. Brian Holland, Ellis N. Slack, Hilbert P. Zarky, Joseph F. Goetten, Washington, D. C., B. Hayden Crawford and Robert S. Rizley, Tulsa, Okl., were with him on the brief), for appellees.
 Before MURRAH and PICKETT, Circuit Judges, and RICE, District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the District Court for the Northern District of Oklahoma, dismissing appellants' action to restrain the United States of America, the Commissioner of Internal Revenue, the District Director of Internal Revenue, Oklahoma City, Oklahoma, and a local internal revenue agent at Tulsa, Oklahoma, from assessing income tax on the appellant, Mary Brasier's pro rata share of income from oil and gas royalty of the restricted members of the Osage Indian Tribe for the taxable year 1952. The contention is that such income is not taxable to Mary Brasier because of her status as a restricted Osage Indian.
 
 
 2
 Quite apart from the court's lack of jurisdiction of the United States and of the Commissioner, see Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628; United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Caledonian Coal Co. ex rel. Territory of New Mexico v. Baker, 196 U.S. 432, 444, 25 S.Ct. 375, 49 L.Ed. 540, this action to enjoin the collection of income taxes is prohibited by Section 3653, Title 26 U.S.C., in the absence of extraordinary or unusual situations warranting the intervention of a court of equity. And, neither the validity nor the constitutionality of the tax sought to be collected constitute extraordinary circumstances within the meaning of the rule. See Voss v. Hinds, 10 Cir., 208 F.2d 912; Jones v. Taunah, 10 Cir., 186 F.2d 445; Sturgeon v. Schuster, 10 Cir., 158 F.2d 811.
 
 
 3
 Appellants also complain of the refusal of the court to allow an amendment to the pleadings after the appeal had been lodged, but the filing of the appeal deprived the trial court of jurisdiction to allow amendments to the pleadings, and the court therefore did not err in its refusal to do so. See Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F. 2d 902.
 
 
 4
 The judgment is affirmed.