**Calvin L. RAMPTON, Appellant,**

v.

**Charles I. FOX, Director of Internal Revenue, Appellee.**

**No. 5313.**

United States Court of Appeals
Tenth Circuit.

July 24, 1956.

David K. Watkiss, Salt Lake City, Utah (Calvin L. Rampton, Salt Lake City, Utah, filed a brief per se), for appellant.

C. Guy Tadlock, Attorney, Department of Justice, Washington, D. C. (Charles K. Rice, Acting Asst. Atty. Gen., Lee A. Jackson and Harry Baum, Attorneys, Department of Justice, Washington, D. C., and A. Pratt Kesler, U. S. Atty., for District of Utah, Salt Lake City, Utah, on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The plaintiff, a practicing attorney in Salt Lake City, Utah, brought this action to restrain the Director of Internal Revenue for the District of Utah from collecting or attempting to collect a portion of his income taxes due for the years 1952 and 1953. This is an appeal

from an order sustaining a motion to dismiss and dismissing the complaint.[1]

In substance, the complaint alleged that during the year 1946, the plaintiff was employed by Joseph H. Lym, doing business as Lym Engineering Company, to prepare and present to the Department of the Interior a claim under the provisions of the War Contracts Hardship Act, 60 Stat. 902, as amended, 41 U.S.C.A. § 106 note; that Lym agreed to pay the plaintiff, as compensation for his services, 10% of the amount recovered on the claim; that as a result of the efforts of plaintiff, the Department of the Interior, on October 17, 1951, made an award to Lym in the sum of $47,968.-32, of which the plaintiff was entitled to $4,796.83; that at the time of the award Lym was, and has been since, insolvent and unable to pay the fee earned by the plaintiff except from the proceeds of the claim. It was alleged that plaintiff filed a notice with the General Accounting Office of the United States of his lien against the proceeds of the claim for his services, and that Lym filed with the General Accounting Office an acknowledgment of plaintiff's lien and an authorization and direction for the payment of plaintiff's claim from the proceeds due him.

The complaint discloses that the Bureau of Internal Revenue filed with the General Accounting Office an order directing the General Accounting Office to withhold the payment of any part of the proceeds due Lym because he owed taxes in excess of the amount of the award. The Bureau of Internal Revenue refused to recognize the plaintiff's claim and continues to refuse to pay the amount due the plaintiff for representing Lym.

Stripped of legal verbiage, the plaintiff seeks by injunction to place his claim ahead of the tax claim of the United States in disposing of the award. He contends that he has an attorney's lien on the proceeds of the award to the extent of his fee and there is no available remedy for the enforcement of his claim other than by injunction.

The plaintiff concedes that unless his complaint presents a case of exceptional, unusual and extraordinary circumstances, the action is barred by § 7421. Courts require that injunctive relief will be granted only in cases where such extraordinary and unusual conditions have been found to exist. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Allen v. Regents of University System of Georgia, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448; Sturgeon v. Schuster, 10 Cir., 158 F.2d 811, certiorari denied 331 U.S. 817, 67 S.Ct. 1306, 91 L.Ed. 1835; Burke v. Mingori, 10 Cir., 128 F.2d 996, certiorari denied 317 U.S. 662, 63 S.Ct. 64, 87 L.Ed. 533. In Voss v. Hinds, 10 Cir., 208 F.2d 912, 913, we said:

> "It is now well settled that actions to enjoin the collection of taxes are prohibited by Section 3653, unless there are present extraordinary or unusual situations warranting the intervention of a court of equity. It has been held that neither the validity nor the constitutionality of the tax sought to be collected constitute such extraordinary circumstances as will support an injunction action to enjoin the collection thereof." (Footnotes omitted.)

Generally, in cases granting injunctions, the extraordinary and unusual conditions warranting such relief have resulted from inequities arising out of the exaction of the tax itself. Maxwell v. Campbell, 5 Cir., 205 F.2d 461; Adler v. Nicholas, 10 Cir., 166 F.2d 674. Here plaintiff admits that the taxes, the collection of

---

1. The Motion to Dismiss was upon the grounds that the maintenance of the action was prohibited by § 7421 of the Internal Revenue Code of 1954, 26 U.S. C.A. (formerly § 3653 of the 1939 Code), and that the complaint showed on its face that the plaintiff had an adequate remedy at law. § 7421(a), 26 U.S.C.A., reads: "(a) Except as provided in sections 6212 (a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

which he seeks to enjoin, are due from him. The sole purpose of his action is to enforce an offset against his taxes of the amount due from him for his services to a third person who owes the United States and to whom the United States is indebted. No cases have been cited, and we have found none, which would indicate that this was such an extraordinary and unusual circumstance as would remove the inhibition of § 7421.

Without considering the right of the United States to priority under 31 U.S.C.A. § 191, or to offset the award against the tax obligation of Lym without consideration of plaintiff's claim, we are satisfied that the inability to dispose of a side issue such as presented here is not such an unusual and extraordinary situation as would warrant a court of equity in enjoining the collection of a tax admittedly due. Brasier v. United States, 10 Cir., 229 F.2d 176, appeal pending; Voss v. Hinds, supra; Sturgeon v. Schuster, 10 Cir., supra, certiorari denied 331 U.S. 817, 67 S.Ct. 1306, 91 L.Ed. 1835; Burke v. Mingori, supra, certiorari denied 317 U.S. 662, 63 S.Ct. 64, 87 L.Ed. 533.

Affirmed.